NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW A. HIGGINS, | No.   14-35941 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05987-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted June 30, 2017**

Before:     NELSON, TROTT, and OWENS, Circuit Judges

Andrew Higgins appeals the district court's decision reversing the

Commissioner of Social Security's denial of Higgins's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Social Security Act. The district court remanded to the Commissioner, with instructions for the administrative law judge (ALJ) to consider the medical opinion of Dr. Bowes and if necessary to reconsider Higgins's impairments, residual functional capacity, and ability to perform jobs that exist in significant numbers in the national economy. On appeal, Higgins contends that the ALJ made additional legal errors which must be corrected prior to remand. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ provided specific and legitimate reasons to give less than full weight to the opinion of Dr. Heilbrunn. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). (1) Dr. Heilbrunn's opinion was inconsistent with other evidence in the record. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). (2) Dr. Heilbrunn's opinion was inconsistent with Higgins's activities. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). Any error in relying on additional reasons was harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

The ALJ identified several specific, clear and convincing reasons that are supported by substantial evidence for not giving full weight to Higgins's testimony regarding the debilitating effects of his symptoms. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). (1) Medical records showed that Higgins exaggerated

14-35941

his symptoms. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). (2) Medical records of conservative pain treatment were inconsistent with the alleged severity of symptoms. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (explaining that the ALJ properly discredited claimant testimony regarding the severity of symptoms when that testimony was inconsistent with a conservative treatment record). (3) Higgins's testimony was inconsistent with objective medical evidence. *See Tonapetyan*, 242 F.3d at 1148. (4) Higgins's ability to complete college courses provided evidence of activities that are transferrable to a work setting. *See Molina*, 674 F.3d at 1113 (finding that the ALJ properly rejected claimant testimony as inconsistent with her level of activities). Because it was already remanding the case, the district court instructed the ALJ to remedy any error in relying on additional reasons to reject Higgins's testimony on remand. The Commissioner concurred with that order.

The ALJ properly relied on inconsistency with the medical record and inconsistency with Higgins's reported level of activity as germane reasons to reject the lay witness testimony of Miranda Higgins. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Any error in relying on additional reasons was harmless. *See Molina*, 674 F.3d at 1122.

The ALJ included in the residual functional capacity ("RFC") assessment all the physical limitations that were supported by, and consistent with, substantial

14-35941

evidence in the record. *See Bayliss*, 427 F.3d at 1217.

Neither party contests the district court's remand order, requiring the ALJ to consider the medical opinion of Dr. Bowes, and if necessary reassess Higgins's impairments, limitations, and ability to perform additional work. Aside from Dr. Bowes's opinion, substantial evidence supports the ALJ's resolution of ambiguities in the medical record regarding Higgins's mental impairments. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Despite the ALJ's legal error in failing to consider Dr. Bowes's opinion, crediting the evidence as true is inappropriate because there are outstanding issues that must be resolved before a determination of disability can be made. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1093 (9th Cir. 2014).

**AFFIRMED.**